SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on November 23, 2007, is AFFIRMED.
Plaintiff Robin Lewis, an African-American woman previously employed as a police officer by the City of Buffalo, appeals an award of summary judgment in favor of defendants on Lewis’s Title VII and New York Human Rights Law claims of (1) disparate treatment based on race and sex, (2) retaliation for complaining about such treatment, and (3) a sexually hostile work environment. See Title VII, 42 U.S.C. § 2000e, et seqN.Y. Exec. Law § 290. We assume the parties’ familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.
“We review a district court’s grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party’s favor.” Mathirampuzha v. Potter, 548 F.3d 70, 74 (2d Cir.2008) (alterations omitted) (quoting Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir.2005)). We will affirm a grant of summary judgment only where the record presents “no genuine issue as to any material fact.” Fed.R.Civ.P. 56(c).
1. Disparate Treatment Claims
Lewis raises two challenges to the summary rejection of her disparate treatment claims. First, she faults the district court’s ruling that she had not demonstrated prima facie race or sex discrimination in the failure to assign her a patrol car while she served on the “Allentown detail.” [1] See McDonnell Douglas v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 *420 L.Ed.2d 668 (1973). Second, she asserts error in the district court’s conclusion that she failed, at the third step of McDonnell Douglas analysis, see id. at 804, 93 S.Ct. 1817, to rebut defendants’ proffered nondiscriminatory reason for rotating her off the Allentown detail. Neither argument is persuasive.
a. Car Assignment
Like the district court, we conclude that Lewis did not adduce evidence sufficient to demonstrate that the alleged denial of a patrol car constitutes an adverse employment action. To show such an adverse action, a plaintiff must point to evidence of more than inconvenience; she must show an action that rises to the level of “termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation.” Mathirampuzha v. Potter, 548 F.3d at 78 (quoting Sanders v. N.Y. City Human Res. Admin., 361 F.3d .749, 755 (2d Cir.2004)). Lewis cannot make this showing because, as her own deposition confirms, most, if not all, of the work of the Allentown detail — particularly by the staffing wheel to which she was assigned — was performed by officers on foot patrol.[2] See Lewis Dep. at 70; Dee Decl. ¶ 12. Lewis adduced no evidence that anyone on her assignment wheel was treated differently from herself with respect to car assignments. See generally Murray v. Chicago Transit Auth., 252 F.3d 880, 888 (7th Cir.2001) (observing that reassignment of plaintiffs car to “car pool” was not a “tangible employment action” because decision was not specifically directed toward plaintiff). To the extent she notes that a white male officer assigned to the other Allentown detail wheel was given part-time use of a patrol car, she failed to demonstrate a material similarity in their situations, especially on the critical points of supervision (given Lewis’s assertion that her particular supervisor’s bigotry was the source of the discrimination of which she complained) and the distribution of work assignments. See McGuinness v. Lincoln Hall, 263 F.3d 49, 54 (2d Cir.2001).
b. Rotation
Lewis failed to rebut the defendants’ proffered non-discriminatory reason for rotating her out of the Allentown detail, ie., the regular rotation of officers out of the sought-after Allentown and Main Street details (sought after because they did not require responses to 911 calls) to spread work more evenly among police officers. See Williams Dep. at 45-46; Dee Decl. ¶ ¶ 16-17. She adduced no evidence demonstrating that the rotation system was directed at her, much less that it was directed at her because of her race or gender. Moreover, Lewis’s concession that, “[i]n terms of the rotation, I suppose I was treated as everyone in the platoon,” Lewis Dep. at 280, is fatal to this part of her disparate treatment claim.
2. Retaliation
Lewis contends that, after she filed a complaint charging her immediate supervisor with discriminatory treatment, she was subjected to the following retaliation: (1) denial of a patrol car on the Allentown detail, (2) rotation out of the Allentown detail, and (3) four accusations of misconduct. She submits that the district court erred in ruling that she failed to raise a triable issue of fact on this claim. We disagree.
*421 Like the district court, we conclude that the denial of a patrol car cannot support Lewis’s retaliation claim because such an action would not dissuade a reasonable worker in plaintiffs situation from making or supporting a charge of discrimination. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 58, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).
Further, Lewis failed to adduce evidence suggesting the falsity of defendants’ nondiscriminatory rationale and non-retaliatory rationale for rotating her off the Allentown detail on the same basis as her coworkers. See Holt v. KMI-Cont’l, Inc., 95 F.3d 123, 130-31 (2d Cir.1996) (upholding summary judgment where Title VII plaintiff put forth no evidence showing that proffered non-retaliatory reasons were pretextual).
Finally, as to the misconduct complaints, the district court correctly concluded that the two complaints dismissed without investigation or discipline could not demonstrate a materially adverse employment action. See Zelnik v. Fashion Inst. of Tech., 464 F.3d 217, 226 (2d Cir.2006) (holding that to demonstrate retaliation, complained-of action must be “more than de minimis ”). As to the remaining two complaints, Lewis failed to offer any evidence suggesting that defendants’ proffered non-retaliatory explanation for its response to a citizen’s complaint and to Lewis’s violation of Department sick leave policy was pretextual. See Joseph v. Leav-itt, 465 F.3d 87, 91 (2d Cir.2006) (holding that employee does not suffer materially adverse change in employment when “employer merely enforces its preexisting disciplinary policies in a reasonable manner”).[3]
3. Hostile Work Environment
Lewis asserts that she adduced evidence of a “barrage” of inappropriate and hostile comments akin to that prompting the reversal of the summary judgment award in Petrosino v. Bell Atl., 385 F.3d 210, 221 (2d Cir.2004). In fact, Lewis’s situation is not at all analogous to that of Petrosino, who adduced evidence of a work environment that routinely conveyed the message that women were available for sexual exploitation. See id.
Lewis’s evidence, when viewed in the light most favorable to her, showed, at most, that her supervisor occasionally referred to her by vulgar or derogatory names.[4] Such conduct is unprofessional, *422 and the Police Department disciplined the supervisor when the matter was called to its attention. Lewis Dep. at 99. But, as we have frequently observed, “Title VII does not establish a ‘general civility code’ for the American workplace.” Petrosino v. Bell Atl., 385 F.3d at 223. Rather, Title VII requires a plaintiff complaining of a hostile work environment to show that her workplace “was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of her work environment.” Id. at 221. The district court correctly concluded that the evidence in this case would not support such a finding.
We have considered all of Lewis’s remaining arguments and conclude that they are uniformly lacking in merit. Accordingly the district court’s award of summary judgment in favor of defendants is AFFIRMED.

. The parties do not challenge the district court’s description of the Allentown Detail: "[T]he Allentown Detail [is] a community liaison position in the Allentown neighborhood of Buffalo. The Allentown Detail ... was generally assigned based on seniority. It was understood to be a desirable position, as the officer was not required to respond to 911 calls.” Lewis v. City of Buffalo Police Dep’t, No. 02-CV-0735C(F)m, 2007 WL 4191810, at *1 (W.D.N.Y. Nov. 21, 2007).

. The "B District” to which Lewis was assigned consisted of five platoons divided into two independently supervised staffing wheels that alternated duty shifts. See Dee Decl. ¶ 4; Williams Dep. at 46; Lewis v. City of Buffalo Police Dep’t, 2007 WL 4191810, at *7 & n. 3.

. Before the district court, Lewis also alleged that Commissioner Diina's behavior during Lewis’s disciplinary hearing for her violation of the sick leave policy supported her retaliation claim. The district court disagreed, noting Lewis's apparent concession that her behavior at the hearing was improper. See Lewis v. City of Buffalo Police Dep’t, 2007 WL 4191810, at * 10. Lewis does not raise this issue on appeal and we therefore do not address it. See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir.2005).

. Lewis offered only hearsay evidence of a superior officer telling her that her supervisor had, on one occasion, referred to her as a "bitch,” a fact that the superior officer did not confirm in his own deposition testimony about the supervisor's general inclination for name calling.
Otherwise, Lewis stated that her supervisor had, on one occasion, called her a "prima donna” and, on several occasions, called her "Queen B — ." Lewis stated that she understood "Queen B — " to refer not to “bee,” the insect — as the supervisor himself averred, see Dee Decl. ¶ 26 — but to the letter "b" as a shorthand for "bitch.” At the summary judgment stage we must credit Lewis's testimony insofar as it relates to her subjective understanding of the term. We nevertheless note the lack of any other evidence showing that the term would objectively be so understood. See Petrosino v. Bell Atl., 385 F.3d at 221 (observing that plaintiff must demonstrate that work environment was subjectively and *422 objectively perceived to be hostile to protected class).